

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

July 16, 1947

Hon. Leslie D. Williams,
District Attorney,
21st District of Texas,
Brenham, Texas

Opinion No. V-306

Re: Construction of
Article 6820
R. C. S. as to
travel expenses
of District At-
torney.

Dear Sir:

Your request for an opinion on the above
captioned subject matter is as follows:

"Will you kindly render me an
opinion in connection with the follow-
ing situation?

"Article 6820 of the Revised Civ-
il Statutes of the State of Texas, pro-
vides in part as follows:

"'All district Judges and District
Attorneys when engaged in the discharge
of their official duties in any county
in this state other than the county of
their residence, shall be allowed their
actual and necessary expenses while ac-
tually engaged in the discharge of such
duties--'

"On April 19th, 1947, I made a
trip to Austin to appear before the Board
of Pardons and Paroles, and on May 12,
1947, I made a trip to Austin for a con-
ference with the Governor, at the special
call of the Governor. Both of these trips
were in line of duty in connection with
the office of District Attorney of this
District. They were both made in the
Gaither Lovelady case, which was a death
penalty case. The trips were necessary
for the reason that it was and is my duty

as District Attorney to follow up applications for clemency for persons convicted of felonies in my court. This is usually done by correspondence, but such procedure is impossible in this case on account of the issues involved and the pressure in connection therewith. The Defendant in this case was a negro and great pressure was being applied by the Society for the Advancement of the Colored People and both the Board of Pardons and the Governor wishes to be in full possession of all facts in the case before passing on the same. I certainly would not have made the trips if I had not thought they were necessary and in line of duty."

Article 6820 of the Revised Civil Statutes is as follows:

"All district judges and district attorneys when engaged in the discharge of their official duties in any county in this State other than the county of their residence, shall be allowed their actual and necessary expenses while actually engaged in the discharge of such duties, not to exceed four dollars per day for hotel bills, and not to exceed four cents a mile when traveling by railroad, and not to exceed twenty cents a mile when traveling by private conveyance, in going to and returning from the place where such duties are discharged, traveling by the nearest practical route. Such officers shall also receive the actual and necessary postage, telegraph and telephone expenses incurred by them in the actual discharge of their duties. Such expenses shall be paid by the State upon the sworn and itemized account of each district judge or attorney entitled thereto, showing such expenses. In districts containing more than one county, such expenses shall never exceed in any one year $100.00 for each county in the district; provided that no district judge or attorney shall receive more than $600.00 in any

one year under the provisions of this article. The account for said services shall be recorded in the official minutes of the district court of the county in which such judge or attorney resides, respectively. (Acts 1923,p.50)"

Undoubtedly, this article authorizes you as District Attorney to receive your actual and necessary expenses while actually engaged in the discharge of your official duties in any county in the State other than the county of your residence. We cannot be specific as to items for the reason that you state no items. In Opinion No. O-30 by this department construing this article with respect to the expense account of a District Attorney, it was said:

"In view of the foregoing authorities it is the opinion of this department, that the District Attorney may collect his actual and necessary expense while actually engaged in discharge of such duties not to exceed the amount prescribed by law."

In the light of the plain language of the statute and its construction in the opinion above cited, we answer your inquiry in the affirmative. You are entitled to charge and receive your actual and necessary expenses while engaged in discharge of your duties in counties outside of your home county, not to exceed, of course, the limitations as to amounts specified in the statute.

## SUMMARY

A District Attorney is entitled to be paid all actual and necessary expenses incurred by him in the discharge of his duties in counties outside of his home county not to exceed the limitation as to amounts contained in the statute. Art. 6820, Rev. Civ. Stat.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Price Daniel*

ATTORNEY GENERAL
OS:wb

By *Ocie Speer*

Ocie Speer
Assistant